NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMUL ACTION COMMITTEE; et al., Plaintiffs - Appellants, v. JONODEV CHAUDHURI, Chairwoman of the National Indian Gaming Commission; et al., Defendants - Appellees. | No. 15-16021 D.C. No. 2:13-cv-01920-KJM-KJN MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted December 7, 2015
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

**1.** The district court did not abuse its discretion by refusing to compel the

National Indian Gaming Commission ("NIGC") to more quickly release a

supplemental environmental impact statement analyzing NIGC's approval of Jamul

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Indian Village's gaming management contract. Construction of the casino was not contingent on NIGC's approval of the management contract, *see* 25 U.S.C. § 2710(d)(9) ("An Indian tribe *may* enter into a management contract . . . ." (emphasis added)), and NEPA therefore set no strict timetable for agency action in this case, *see Sierra Club v. Gorsuch*, 715 F.2d 653, 658–59 (D.C. Cir. 1983) ("Absent a precise statutory timetable or other factors counseling expeditious action, an agency's control over the timetable of [its action] is entitled to considerable deference.").

2. The district court did not abuse its discretion by rejecting plaintiffs' request for a preliminary injunction. Plaintiffs have not shown a likelihood of success on the merits of their NEPA claim, and their contentions that defendants violated the state–tribal compact and the Indian Gaming Regulatory Act are likewise without merit. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits.").

3. To the extent plaintiffs contend that the land on which the Jamul casino is being built is not Indian land, circuit precedent forecloses that argument. *See Big Lagoon Rancheria v. California*, 789 F.3d 947, 953 (9th Cir. 2015) (en banc).

**AFFIRMED.**